# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARK EDWARD DAVIS, LLC and DREAM CONNECTIONS INTERNATIONAL, INC., <br><br> Plaintiffs <br><br> v. <br><br> ENGAGE ENTERPRISES, LLC and OLEG VYDRA, <br><br> Defendants | Case No.: 2:17-cv-01876-JAD-VCF <br><br> **Order Denying Motion for Default Judgment** <br><br> [ECF No. 21] |

Mark Edwards Davis, LLC and Dream Connections International Inc. sue Oleg Vydra and Engage Enterprises, LLC[1] for breach of contract and trademark and copyright infringement. I granted a preliminary injunction in this case, restraining the defendants from using the plaintiffs' trademarks and copyrighted materials.[2] Despite being served with summonses and copies of the complaint, neither defendant had responded to the complaint or otherwise appeared in this case. The Clerk of Court entered a default against the defendants under FRCP 55 on September 20, 2017.[3]

Plaintiffs now move for default judgment and seek a permanent injunction, statutory damages, and attorney's fees and costs. When determining whether default judgment is

---

[1] Plaintiffs sued the plural "Engage Enterprises, LLC" ECF No. 1 at ¶2, but have recently referred to this defendant as the singular "Engage Enterprise, LLC." ECF No. 19 at 1. The court is unsure if this is a typographical error or if the plaintiffs named the wrong party and, rather than formally correct their mistake with a motion to substitute, are simply using what might be the correct entity name in their briefs.

[2] ECF No. 15.

[3] ECF No. 20.

available, the court must evaluate the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*: (1) the potential prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the amount of money at stake in the action, (5) the potential disputes over material facts, (6) whether the default was due to excusable neglect, and (7) the strong federal policy favoring adjudications based on the merits.[4] Here, the plaintiffs have not addressed these factors at all, let alone demonstrated why they favor default judgment in this case. Accordingly, IT IS HEREBY ORDERED that the plaintiffs' motion for default judgment **[ECF No. 21] is DENIED without prejudice** to their ability to reurge this request with a motion that properly evaluates the *Eitel* factors.

Dated: September 18, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).